IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Kirby Martin, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 8:13-894-HMH |
| ) | |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Martha D. Newton, Anderson County ) | |
| Probate Judge, and James L. Martin, ) | |
| Conservator. ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on sua sponte review of whether the claims against Martha D. Newton, Anderson County Probate Judge ("Judge Newton") are barred by the doctrine of judicial immunity. Although the defense of absolute judicial immunity has not been raised, the court may do so sua sponte. Arebaugh v. Dalton, 600 F. Supp. 1345, 1349 n.4 (E.D. Va. 1985). The Plaintiff, Kirby Martin ("Plaintiff"), filed a complaint in this court on April 3, 2013, alleging a 42 U.S.C. § 1983 claim for violation of the Fourth and Fourteenth Amendments of the United States Constitution and a claim for violation of the South Carolina Constitution, Article I, § 10 against Judge Newton. Further, the Plaintiff alleges state law claims of negligence and recklessness against Judge Newton. In addition, the Plaintiff alleges state law claims for gross negligence, recklessness, conversion, breach of contract, breach of contract accompanied by a fraudulent act, and promissory estoppel against James L. Martin, Conservator ("J. Martin").

With respect to the § 1983 claim and violation of the South Carolina Constitution, Article I, § 10 claim, the Plaintiff alleges in pertinent part as follows:

1

25. From January 18, 2001 to August 19, 2005, Defendant Martha J. Newton authorized James L. Martin to take twenty-four thousand, two hundred sixty-eight and no/l 00 ($24,268.00) from minor Kirby Martin's Conservatorship for his own, personal benefit.  Her authorization, under color of law, constituted an unreasonable seizure of Plaintiff's effects in violation of the U.S. CONST. amend IV, as well as S.C. CONST. art. I, §10;
26. As a direct and proximate result of Defendant Martha J. Newton's conduct, Plaintiff is being deprived of her rights, privileges, and immunities secured by U. S. CONST. amend IV, and by S.C. CONST. art. I, §10;
27. In the course of authorizing loans and unreasonable seizures of Plaintiff's effects, Defendant Martha J. Newton acted with deliberate indifference to Plaintiff Kirby Martin's constitutional rights;
28. No reasonable judicial officer could have believed that Defendant Martha J. Newton's authorization of the unreasonable seizure of Plaintiff's effects comported with U.S. CONST. amend IV, or with S.C. CONST. art. I, § 10, in light of the clearly established legal rules for judicial conduct.

(Compl. ¶¶ 25-28, ECF No. 1.)  Further, the Plaintiff's negligence and recklessness claim against Judge Newton alleges that she failed to "exercise due care in regards to Plaintiff's Conservatorship" and "breached her duties in a reckless and grossly negligent manner by approving loans to James L. Martin consisting of money contained in Plaintiff's Conservatorship account."  (Id. ¶¶ 30, 32.)  All of Judge Newton's actions complained of by the Plaintiff concern Judge Newton's authorizations of disbursements from a conservatorship account for the benefit of the Plaintiff.  The Plaintiff concedes that in making these disbursements that Judge Newton was "acting in her capacity as Anderson County Probate Judge."  (Id. ¶¶ 9, 10, 11, 12, 13.)

The court finds that the claims alleged against Judge Newton cannot proceed because she is afforded absolute judicial immunity with respect to her judicial acts.  Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").  "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave

2

procedural errors." Stump v. Sparkman, 435 U.S. 349, 359 (1978). Absolute immunity "is an *immunity from suit* rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Based on the foregoing, the claims against Judge Newton are dismissed.

The basis for federal jurisdiction alleged in the complaint is the § 1983 claim against Judge Newton. (Compl. ¶ 1, ECF No. 1.) The court does not have original jurisdiction over the remaining state law claims in the complaint. Pursuant to § 1367(c)(3), the district court may decline supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." "[U]nder the authority of 28 U.S.C. § 1367(c), authorizing a federal court to decline to exercise supplemental jurisdiction, a district court has inherent power to dismiss the case or, in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met." Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001). Because dismissing the § 1983 claim removes the sole federal claim and basis for original jurisdiction, the court finds that dismissal of the instant case is warranted. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties . . . . Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Based on the foregoing, the court declines to exercise supplemental jurisdiction over the remaining state law claims.[1]

---

[1] 28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.").

Therefore, it is

**ORDERED** that the Plaintiff's § 1983 claim, the violation of the South Carolina Constitution, Article 1, § 10 claim, and the negligence and recklessness claim against Judge Newton are dismissed. It is further

**ORDERED** that the remaining state law claims are dismissed without prejudice.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.<br>Senior United States District Judge

Greenville, South Carolina
April 9, 2013